UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBIN M.,[1]

                           Plaintiff,        Case # 21-cv-06024-FPG

v.                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

## INTRODUCTION

On November 4, 2014, Plaintiff Robin M. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] 1064. The Social Security Administration ("SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") John P. Ramos on September 8, 2020. Tr. 1052. On October 21, 2020, the ALJ issued an unfavorable decision. Tr. 1064. The Appeals Council denied review, making the ALJ's decision the final decision of the SSA. Tr. 1042-1045. Plaintiff then appealed to this Court. ECF No. 1.[3]

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[4] ECF Nos. 14, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 13.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

[4] Although Plaintiff's motion is styled as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, the Court construes it as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## LEGAL STANDARD

### I.      District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).   "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.      Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has any "severe" impairments that significantly restrict her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

2

**DISCUSSION**

I.      **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 9, 2015, the amended alleged onset date.  Tr. 1055.  At step two, the ALJ found that Plaintiff has the following severe impairments:  fibromyalgia, left rotator cuff shoulder tendonitis, bursitis of both hips, degenerative disc diseases of the lumbar spine, left plantar fasciitis, and chronic obstructive pulmonary disease.  *Id.*  At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  *Id.* at 1058.  The ALJ then determined that Plaintiff maintained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).  *Id.*  However, the ALJ found that Plaintiff had certain exertional limitations, including that Plaintiff can lift or carry ten pounds frequently and twenty pounds occasionally, stand or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday, but cannot stoop, kneel, crouch, or crawl.  *Id.*  In addition, the ALJ found that Plaintiff can frequently finger or feel bilaterally and occasionally reach in all directions with both upper extremities and cannot be exposed to extremes of temperature or to pulmonary irritants.  *Id.*

At steps four and five, the ALJ concluded that, although Plaintiff could not perform any past relevant work, there were jobs that existed in significant numbers the national economy that Plaintiff could perform including, for example, dealer account investigator or furniture rental clerk. Tr. 1062-64.  Accordingly, the ALJ found that Plaintiff was not disabled.  *Id.* at 1064.

## II.    Analysis

Plaintiff argues that remand is warranted because, among other things, the ALJ failed to resolve an apparent conflict between the Dictionary of Occupational Titles ("DOT") and the vocational expert's ("VE") testimony prior to relying upon that testimony to conclude that Plaintiff was not disabled.  ECF No. 14-2 at 5.  Because the Court agrees, it need not address Plaintiff's other argument.  *Matthew M. v. Comm'r of Soc. Sec.*, No. 20-CV-1644, 2022 WL 3346949, at *5 (W.D.N.Y. Aug. 12, 2022) (declining to reach additional arguments where the court had already determined that remand was warranted).

In assessing whether any particular job can accommodate a claimant's limitations, an ALJ will "rely primarily on the DOT (including its companion publication, [the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles]) for information about the requirements of work in the national economy".  Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).  However, in addition to the DOT, an ALJ may also use VEs to resolve "complex vocational issues."  *Id.*  When relying on a VE, the ALJ must be alert to the possibility of 'apparent unresolved conflict[s]' between the [VE's] testimony and the [DOT]."  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir. 2019).  As the Second Circuit has explained, this requires the ALJ to "identify and inquire into all those areas 'where the [VE's] testimony *seems to* . . . conflict with the [DOT].'"  *Id.* at 92 (citing *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)) (emphasis in original).

Once the ALJ has identified an apparent conflict, the ALJ must "elicit a reasonable explanation for the conflict" before relying on the VE's testimony.  SSR 00-4p, 2000 WL 1898704, at *2.  The ALJ must do more than take "the [VE] at his word that his testimony comports with the [DOT] when the record reveals an apparent conflict."  *Lockwood*, 914 F.3d at 93 (quoting

*Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018)).  Instead, the ALJ must "undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the [VE] if there is one."  *Id.* at 94 (quoting *Washington*, 906 F.3d at 1364) (internal quotations omitted).

Here, because the ALJ failed to undertake such an effort to identify and resolve an apparent conflict between the VE's testimony and the DOT, remand is required.  The VE testified that an individual with an RFC limiting her to two hours of standing and walking could perform two jobs that the DOT classifies as "light work."  Tr. 1094.  Light work, however, generally requires standing or walking, off and on, for approximately six hours in an eight-hour workday.  *See* 20 C.F.R. § 404.1567(b) (defining light work); SSR 83-10, 1983 WL 31251 at *5-6 (Jan. 1, 1983) (elaborating the requirements of the full range of light work). Because the VE's testimony therefore "seems to . . . conflict with the DOT," the ALJ should have identified the apparent conflict and elicited a reasonable explanation for that conflict before relying on that testimony. *Lockwood*, 914 F.3d at 92; *see also Martell v. Comm'r of Soc. Sec.*, No. 12-CV-152, 2013 WL 1429459, at *7 (D. Vt. March 22, 2013) (ALJ erred where he failed to resolve the conflict between the claimant's ability to stand or walk for only four hours per day and the VE's testimony that the claimant could perform a job classified as light work), *report and recommendation adopted*, 2013 WL 1429457 (D. Vt. Apr. 9, 2013).

During the hearing, the ALJ asked the VE whether jobs were available in the national economy for an individual who could, among other things, "sit for up to six hours in an eight-hour day" and "[s]tand or walk for up to two hours in an eight-hour day."  Tr. 1093.  Apparently recognizing that this would prevent that individual from performing the full range of light work, the ALJ asked, "I'm assuming that this RFC is going to limit the individual to some aspect of

sedentary work, correct?" Tr. 1094.  The ALJ then rephrased the question and asked if there would "be anything at the light exertional level with this particular RFC." Tr. 1094.  The VE identified two jobs classified as light work: dealer account investigator and furniture rental clerk.  Tr. 1094; *see also* Investigator, Dealer Accounts, *Dictionary of Occupational Titles*, DICOT 241.367-038, 1991 WL 672258 (1991); Furniture-Rental Consultant, *Dictionary of Occupational Titles*, DICOT 295.357-018, 1991 WL 672589 (1991).  The ALJ then asked whether any of the limitations were not "directly addressed by the DOT" and whether there "were any areas that [the VE] had to substitute knowledge or experience," to which the VE responded "no." Tr. 1095.  The ALJ did not specifically ask the VE whether there were any conflicts between her testimony and the DOT. *See* Tr. 1095.  And, in his written decision, the ALJ concluded that the VE's testimony was consistent with the information contained within the DOT. Tr. 1064. To the contrary, the inconsistency between the VE's testimony and the DOT reveals an apparent conflict that the ALJ neither identified nor resolved, warranting remand for further proceedings.

The Commissioner's argument that there was no apparent conflict is unpersuasive. The Commissioner argues that there was no conflict because the DOT does not state that the jobs require the full range of light work.  ECF No. 17-1 at 14.  In support of this assertion, the Commissioner points to the definition of light work included in the DOT's description of each job, which states that "[e]ven though the weight lifted may be only a negligible amount, a job should be rated Light Work: . . . when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls." *Id.*; *see* Investigator, Dealer Accounts, *Dictionary of Occupational Titles*, DICOT 241.367-038, 1991 WL 672258; Furniture-Rental Consultant, *Dictionary of Occupational Titles*, DICOT 295.357-018, 1991 WL 672589.  The Commissioner maintains that because light

work may involve sitting most of the time, there is no conflict between the VE testimony and the DOT in this case.  ECF No. 17-1 at 14-15.  This argument fails for two reasons.

First, although the DOT includes such language in its description of "light work," neither job here appears to be one in which an individual would be "sitting most of the time" and "pushing and/or pulling" arm or leg controls.  A dealer accounts investigator, for example, visits dealers to "verify purchases financed by [a] bank against physical inventory of merchandise," observes "features of merchandise . . . to verify item against computer printout, and "examines records and questions dealer to determine disposition of items missing from inventory and to elicit information on dealer arrangement for payment to bank for merchandise sold."  DICOT 241.367-038, 1991 WL 672258.  A furniture rental consultant "guides or accompanies [a] customer through [a] showroom" and "may visit commercial [a] customer site to solicit rental contracts, or review floor plans of new construction and suggest suitable furnishings."  DICOT 295.357-018, 1991 WL 672589.  Common experience suggests that a person performing such tasks would often be standing or walking—not sitting—while doing so.  *See Crowe v. Berryhill*, No. 17-CV-02897, 2019 WL 3318110, at *5 (D. Nev. July 24, 2019) (determining that jobs that, based on common experience, are often performed standing would not permit an employee to perform the work in a seated position for half of the workday).  Accordingly, it is likely that such jobs are categorized as light work because they involve "walking or standing to a significant degree."  DOT 241.367-038; *id.* at 295.357-018.  At the very least, that possibility creates an apparent conflict that the ALJ should have identified.  *See Martell*, 2013 WL 1429459, at *7.

Second, the importance of "teasing out such details is precisely why the [ALJ] bears an 'affirmative responsibility' to ask about '*any possible conflict* between [VE] evidence and information provided in the [DOT]."  *Lockwood*, 914 F.3d at 93 (quoting SSR 00-4p, 2000 WL

1898704, at *4) (emphasis in original).  And, "absent such an inquiry, the [ALJ] lacks a substantial basis for concluding that no such conflicts in fact exist." *Id.*  The ALJ asked only whether there were any areas in which the VE "had to substitute knowledge or experience." *See* Tr. 1095.  He did not attempt to reconcile the VE's testimony that a person who can walk or stand for two hours out of an eight-hour workday can perform the jobs of furniture rental consultant and dealer account investigator with the Dictionary's indication that those jobs require light work and may therefore require walking or standing to a significant degree. The VE's testimony therefore does not "represent substantial evidence capable of demonstrating that [Plaintiff] can successfully perform work in the national economy." *Lockwood*, 914 F.3d at 94.

Faced with the potential inconsistency between the VE's testimony and the information contained within the DOT, the ALJ had a duty to inquire into the apparent conflict and resolve the issue of whether the two identified jobs could accommodate a person who could stand or walk for no more than two hours in an eight-hour workday. Because he did not, remand for further proceedings is required. *Marjanovic v. Comm'r of Soc. Sec.*, No. 19-CV-246, 2020 WL 3445676, at *5 (W.D.N.Y. June 24, 2020).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 14, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 17, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated:  March 17, 2023
          Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York